IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TYE TRUJILLO,

    Plaintiff,

vs.                                                                    Civ. No. 13-1001 KG/CG

CITY OF FARMINGTON POLICE OFFICERS
D. RONK, A. BOOGNL, and T. SMITH,

    Defendants.

MEMORANDUM OPINION AND ORDER

        This matter comes before the Court upon Plaintiff's Motion for Entry of Judgment, filed December 18, 2013. (Doc. 21). Defendants filed a response on January 6, 2014, and Plaintiff filed a reply on January 23, 2014. (Docs. 23 and 26). Having reviewed Plaintiff's Motion for Entry of Judgment and the accompanying briefs, the Court denies Plaintiff's Motion for Entry of Judgment.

*A. Background*

        This is a civil rights action arising from Defendants' arrest of Plaintiff and the subsequent filing of criminal charges against Plaintiff. On November 14, 2013, Defendants served on Plaintiff Defendants' Rule 68 Offer of Judgment. (Docs. 16 and 18). Defendants offered $10,000.00 "plus all reasonable costs, including reasonable attorney's fees, incurred in this action to date." (Doc. 18) at ¶ 3. Defendants made the offer "to fully and finally resolve all claims asserted against [Defendants] in this action." *Id.* at ¶ 4. In addition, Defendants stated that the

> offer of judgment is intended to resolve all of Plaintiff's claims in this action, including, without limitation, any and all claims that have been, or could have been brought for

compensatory damages, punitive damages, attorneys' fees, litigation expenses, and costs of this suit.

*Id.* at ¶ 8.

On December 2, 2013, at 4:39 p.m., Plaintiff's counsel, Joseph Kennedy, emailed Defendants' counsel, Luis Robles, that Plaintiff agreed "to accept the offer of judgment from the individual defendants…." (Doc. 23-1). Mr. Kennedy, however, noted that unless the City of Farmington (City), a non-party, agreed to dismiss the criminal charges against Plaintiff with prejudice, Plaintiff would be filing a lawsuit against the City on the following day. *Id.* Then, at 4:59 p.m., Plaintiff filed Plaintiff's Acceptance of Defendants' Rule 68 Offer of Judgment wherein Plaintiff accepted the offer of judgment "in the amount of $10,000 (ten-thousand dollars) plus all reasonable costs, including reasonable attorney's fees, incurred in this action to date." (Doc. 19).

Shortly after filing the acceptance of the offer of judgment, Mr. Robles responded to Mr. Kennedy by email at 5:52 p.m. (Doc. 23-2) at 1-2. Mr. Robles noted that the offer of judgment did not include anything about the disposition of the criminal charges. *Id.* Also, Mr. Robles stated that the offer of judgment specified that it was intended to resolve all of Plaintiff's claims "including, without limitation, any and all claims that could have been brought." *Id.* at 2. Mr. Robles indicated that Plaintiff could have brought the claim against the City in this action. *Id.*

The next day, December 3, 2013, Mr. Kennedy replied to Mr. Robles by email stating that the offer of judgment applied only as to the individual officers and did not preclude Plaintiff from bringing claims against the City. *Id.* at 1. Mr. Kennedy again indicated that the City dismiss the criminal charges to avoid litigation. *Id.*

On December 16, 2013, Mr. Kennedy emailed Mr. Robles regarding the status of an entry of judgment in this case. (Doc. 26-3). Mr. Robles responded the next day by inquiring whether

2

Plaintiff would agree to waive any lawsuit against the City considering the stance of the criminal proceeding.  *Id.*  Mr. Robles also indicated that if Plaintiff insists that he can sue the City, Defendants "will be forced to litigate whether [the] purported acceptance of the Offer of Judgment was conditional and based on a failure of a meeting of the minds with respect to its terms, and to continue to litigate the merits of this case in the meantime."  *Id.*  Mr. Kennedy replied that Plaintiff's criminal defense attorney felt confident that the criminal charges would be dismissed. (Doc. 26-2).  Mr. Kennedy further stated that he was "not authorized to agree to anything other than to accept the judgment and apply for fees and costs."  *Id.*  In response to Mr. Kennedy, Mr. Robles reiterated that the offer of judgment "was intended to resolve all of [Plaintiff's] claims that could have been brought arising out of this incident."  *Id.*

While counsel were discussing the offer of judgment and acceptance, Plaintiff filed a motion for summary judgment on November 13, 2013, and Defendants responded on December 3, 2013.  (Docs. 14 and 20).  Defendants included in their response a cross-motion for summary judgment.  On January 7, 2014, the Court stayed "the proceedings in this case, including briefing and discovery" pending resolution of Plaintiff's Motion for Entry of Judgment.  (Doc. 24).

On March 20, 2015, Plaintiff filed suit against the City for its actions arising from Plaintiff's arrest.  *See Trujillo v. The City of Farmington*, Civ. No. 15-234 LAM/SMV (D.N.M.).  In the complaint in that case, Plaintiff avers that he was acquitted of the criminal charges brought against him.  *Id.*, (Doc. 1-1) at ¶ 14.

B.  *Plaintiff's Motion for Entry of Judgment*

Plaintiff moves for entry of judgment under Fed. R. Civ. P. 68(a).  Rule 68(a) states that if an "opposing party serves written notice accepting the offer" of judgment, "[t]he clerk must then enter judgment."  Here, Plaintiff argues that he accepted the offer of judgment, so the clerk

3

must enter judgment against Defendants for $10,000.00, "plus all reasonable costs, including reasonable attorney's fees, incurred in this action to date." (Doc. 21) at 2. Defendants oppose Plaintiff's Motion for Entry of Judgment for two reasons: (1) Plaintiff added a condition to his acceptance, thereby invalidating the acceptance; and (2) the parties' differing interpretations of the offer of judgment demonstrate a lack of mutual assent, thereby invalidating the offer and acceptance as a binding contract. If the Court enters judgment as Plaintiff requests, Defendants ask that the Court specify in the judgment that it is limited to costs incurred through November 14, 2013.

C. *Discussion*

　　*1. Conditional Acceptance*

　　Defendants argue first that the acceptance is invalid under Rule 68(a), because it is conditional. *See, e.g., Whitcher v. Town of Matthews*, 136 F.R.D. 582, 588 (W.D.N.C. 1991) ("Rule 68 does not permit conditional acceptances of Offers of Judgment."). Defendants assert that Plaintiff made his acceptance conditional when he accepted the offer of judgment, but also threatened to file suit against the City, if the City did not dismiss the criminal charges with prejudice. Assuming that Plaintiff's threat to file suit against the City constitutes a condition, that condition is no longer viable. Plaintiff has since been acquitted of the criminal charges and Plaintiff, nevertheless, sued the City.

　　Moreover, the Court questions whether Plaintiff's threat to file suit against the City constitutes a true condition. At no time did Plaintiff indicate in his acceptance, or otherwise, that he would accept the offer of judgment only if the City dismissed the criminal charges with prejudice. Defendants' conditional acceptance argument fails.

*2. Mutual Assent*

Next, Defendants argue that the lack of mutual assent on whether the offer of judgment includes claims against the City invalidates both the offer of judgment and the acceptance. Courts use contract law principles to determine whether there has been a valid offer of judgment and acceptance under Rule 68(a). *Stewart v. Prof'l Computer Centers, Inc.*, 148 F.3d 937, 939 (8th Cir. 1998). To create a binding agreement, the parties must have objectively manifested mutual assent to the terms of the offer of judgment. *Id*. Objective manifestation of mutual assent "can be inferred from external indications reflecting thoughts and intentions of the parties which show a 'meeting of the minds.'" *Id.*

In this case, Mr. Kennedy made clear in his pre-acceptance December 2, 2013, email, that Plaintiff believed that the offer of judgment applied only to the individual Defendants. Mr. Kennedy's subsequent remark in that email about suing the City the next day also makes clear that Plaintiff believed that the offer of judgment did not include claims against the City. Mr. Kennedy's December 3, 2013, email further confirmed Plaintiff's belief that the offer of judgment did not include the City. In fact, Plaintiff's eventual lawsuit against the City reflects Plaintiff's continued belief that the offer of judgment did not include claims against the City. On the other hand, Mr. Robles' December 2, 2013, email, written minutes after Plaintiff filed his acceptance, and Mr. Robles' December 17, 2013, emails indicate that Defendants believed that the offer of judgment applied to any claims against the City that could have been brought in this lawsuit.

The Court finds that the emails from Mr. Kennedy and Mr. Robles as well as the lawsuit against the City do not comprise manifest objective evidence from which the Court can conclude that the parties mutually assented that the offer of judgment included any claims against the City.

Without that mutual assent, the offer of judgment and acceptance are not valid and binding. Hence, the Court denies Plaintiff's Motion for Entry of Judgment.

*3. Stay of Proceedings*

Having ruled on Plaintiff's Motion for Entry of Judgment, the January 7, 2014, stay of proceedings is lifted.  The parties may, therefore, continue briefing on Plaintiff's motion for summary judgment and Defendants' cross-motion for summary judgment.

IT IS ORDERED that

1.  Plaintiff's Motion for Entry of Judgment (Doc. 21) is denied;

2.  the January 7, 2014, stay of proceedings is lifted;

3.  Plaintiff may file his reply to his motion for summary judgment fourteen days from the entry of this Memorandum Opinion and Order;

4.  Plaintiff may file a response to Defendants' cross-motion for summary judgment fourteen days from the entry of this Memorandum Opinion and Order; and

5.  Defendants may file a reply to their cross-motion for summary judgment fourteen days after Plaintiff files his response to the cross-motion for summary judgment.

_____
UNITED STATES DISTRICT JUDGE