IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TYE TRUJILLO,

    Plaintiff,

vs.                                                                                                  Civ. No. 13-1001 KG/CG

CITY OF FARMINGTON POLICE OFFICERS
D. RONK, A. BOOGNL, and T. SMITH,

    Defendants,

and

TYE TRUJILLO,

    Plaintiff,

vs.                                                                                   Civ. No. 15-234 LAM/SMV

THE CITY OF FARMINGTON,

    Defendant.

MEMORANDUM OPINION AND ORDER OF CONSOLIDATION

    This matter comes before the Court upon Defendants' Motion to Consolidate Related Cases (Motion to Consolidate), filed May 15, 2015. (Doc. 30). Plaintiff responded on June 1, 2015, and Defendants replied on June 18, 2015. (Docs. 31 and 37). Having reviewed the Motion to Consolidate and the accompanying briefs, the Court grants the Motion to Consolidate.

*A. Background*

    This is a civil rights action arising from the alleged unlawful arrest of Plaintiff by Defendants City of Farmington police officers D. Ronk, A. Boognl, and T. Smith. Plaintiff brings the following claims against Defendants: Fourth Amendment unreasonable seizure claims, First Amendment retaliation claims, and malicious abuse of process claims. (Doc. 1).

Plaintiff subsequently filed a lawsuit against the City of Farmington (City) for municipal liability on the basis of Defendants' deprivation of Plaintiff's Fourth and First Amendment rights. (Doc. 1-1), filed in *Trujillo v. The City of Farmington*, Civ. No. 15-234 LAM/SMV. Both the City lawsuit and this lawsuit are still in the early stages of litigation. Defendants now move to consolidate the City lawsuit with this lawsuit.

*B. Discussion*

"If actions before a court involve a common question of law or fact, the court may" consolidate the actions, join for hearing any or all matters at issue in the actions, or enter any other orders to avoid unnecessary costs or delays. Fed. R. Civ. P. 42(a). Whether to grant a motion to consolidate is in the trial court's discretion. *See Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). Once the district court determines there is a common question of law or fact, the court weighs the interest of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause. *The Servants of the Paraclete, Inc. v. Great American Ins. Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994). The party moving for consolidation bears the burden of proving that consolidation is desirable. *Id*.

In this case, the City lawsuit arises from the same set of events as this lawsuit, namely Plaintiff's arrest. In addition, the City's alleged municipal liability is contingent on the individual Defendants having violated Plaintiff's constitutional rights. *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993) ("A municipality may not be held liable where there was no underlying constitutional violation by any of its officers."). As such, separate lawsuits and trials would require duplicative evidence on the issue of underlying constitutional violations and could possibly result in inconsistent verdicts on whether Defendants violated Plaintiff's constitutional rights.

Plaintiff argues, however, that he can, nonetheless, proceed on a municipal liability claim even if the Court dismisses the claims against Defendants on the basis of qualified immunity. A defendant is entitled to qualified immunity if he violated a constitutional right, but the constitutional right had not been clearly established at the time of the constitutional violation. *Bass v. Pottawatomie Cnty. Pub. Safety Ctr.*, 425 F. App'x 713, 718 (10th Cir. 2011); *Starkey ex rel. A.B. v. Boulder Cnty. Soc. Servs.*, 569 F.3d 1244, 1263, 1263 n. 4 (10th Cir. 2009). In that situation, the municipal claim goes forward on the basis that the defendant violated a constitutional right. *Id.* As noted above, the City lawsuit is contingent on the adjudication, in this lawsuit, of whether Defendants violated Plaintiff's constitutional rights. Consequently, the two lawsuits have a common issue of law. Moreover, considering that both lawsuits are still in the early stages of litigation, consolidation will not delay the resolution of these cases.

In sum, the cases share common questions of fact and law, and the interest of judicial convenience in consolidating the cases outweighs any delay, confusion or prejudice that consolidation might cause. Defendants have shown that consolidation under Rule 42(a) is appropriate.

IT IS ORDERED that

1. Defendants' Motion to Consolidate Related Cases (Doc. 30) is granted;

2. *Trujillo v. The City of Farmington*, Civ. No. 15-234 LAM/SMV is consolidated into *Trujillo v. City of Farmington Police Officers D. Ronk, A. Boognl, and T. Smith*, Civ. No. 13-1001 KG/CG for all purposes, including trial; and

3. all pleadings will be filed forthwith in *Trujillo v. City of Farmington Police Officers D. Ronk, A. Boognl, and T. Smith*, Civ. No. 13-1001 KG/CG.

_____
UNITED STATES DISTRICT JUDGE